**ORDERED in the Southern District of Florida on December 5, 2011.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In re:** **Case No. 07-10279-BKC-AJC**

**LAMINATE KINGDOM, LLC *d/b/a* FLOORS TODAY,** **Chapter 7**

**Debtor.**
______________________________________/

**ORDER GRANTING MOTION TO DETERMINE BANKRUPTCY COURT'S JURISDICTION AND DENYING ROBERT HODGES, JR.'S MOTION TO COMPEL**

**THIS MATTER** came before the Court for hearing on October 25, 2011, upon Robert Hodges, Jr.'s ("Hodges") Motion to Compel Compliance with the Court's Order Granting Trustee's Motion to Approve Compromise and Settlement [ECF No. 1389] (the "Motion to Compel"), and upon Hodges' Emergency Motion to Determine Bankruptcy Court's Jurisdiction to Hear Motion to Compel [ECF No. 1414] (the "Motion to Determine Jurisdiction"). The Motion to Compel seeks a determination that Relational, LLC ("Relational") is in violation of two of this Court's Orders: a September 10, 2008 order approving a settlement between the Trustee and several third party defendants [ECF No. 1136] (the "Hodges Bar Order"); and a

March 31, 2009 order [ECF No. 1214] (the "Relational Settlement Order") approving a settlement between the Trustee and Relational (the "Relational Settlement"). The Motion to Determine Jurisdiction seeks a determination that this Court has jurisdiction to hear the Motion to Compel notwithstanding related proceedings against Hodges in England.

In response to the Motions, Relational filed a Notice of Filing Composite Exhibits [ECF No. 1422] (the "Composite Exhibits") and a Notice of Filing Summary [ECF No. 1428]. Relational's exhibits include an email exchange between counsel for Relational and counsel for the Trustee discussing the Hodges Bar Order, as well as the transcript from the September 9, 2008 hearing before this Court on approval of the Hodges Bar Order (the "Approval Hearing"). The Court considered both of these exhibits at the hearing without objection, and Hodges expressly declined to object to the admissibility of the emails. The Court also considered other documents on the docket in this case, of which the Court takes judicial notice. In particular, the Court considered the plain language of the Hodges Bar Order and the Relational Settlement Order which, on their faces, require denial of the Motion to Compel for the reasons discussed below. The Court, having considered the exhibits, the record, the argument of counsel, and applicable law, makes the following findings of fact and conclusions of law.

## BACKGROUND AND FINDINGS OF FACT

The background of this dispute involves litigation in the underlying bankruptcy case, Illinois District Court, the Seventh Circuit Court of Appeals, and legal proceedings in England. Briefly, Hodges was a principle of Laminate Kingdom, LLC, the debtor in the above-captioned bankruptcy case (the "Debtor"). On September 21, 2005, prior to the Debtor's petition date, Hodges executed a personal guarantee to secure the Debtor's liability to Relational (the "Guarantee"). After the petition date, Hodges left the United States for England. In the

meantime, the Debtor's bankruptcy case proceeded; eventually the case converted to a case under Chapter 7, and the Trustee was appointed.

*1.   The Hodges Bar Order*

In the course of his duties, the Trustee settled several pending and potential litigation claims against third parties. Although the substance of those claims is not relevant here, the settlement resulted in the entry of the Hodges Bar Order, which provides that "Releasors," meaning "any and all creditors of the Laminate bankruptcy estate and their successors and assigns[,]" are:

> permanently barred and enjoined from commencing, prosecuting, or asserting either directly or in any other capacity, against the Hodges, any and all liabilities, judgments, rights, claims, cross-claims, counterclaims, demands, suits, matters, obligations, damages, debts, losses, costs, actions and causes of action, of every kind and description, arising under common law, rule, regulation or statute, whether arising under state or federal law, whether presently known or unknown that any Releasor now has, ever had, or may claim to have in the future that is a Hodges Barred Claim. Provided, however, that this Hodges Bar Order does not release, or enjoin any of Releasors from commencing, prosecuting, or asserting any claims to interpret or enforce the terms of the Agreement or this Order.

Hodges Bar Order ¶ 9. The Hodges Bar Order defines a "Hodges Barred Claim" as "any and all direct, indirect and derivative Claims, whether known or unknown, by any and all Releasors against the Hodges that" were alleged in certain causes of action not at issue in this case, or that "relate to or arise from the Hodges' duties of care and loyalty or any common law or statutory duty arising form [sic] their positions as directors or officers of Laminate." Hodges Bar Order ¶ 8(c).

Although the plain language of the Hodges Bar Order does not bar Relational's Guarantee claim, counsel for Relational, in an abundant of caution, communicated via email with

3

the Trustee's counsel regarding the scope of the Order prior to the Approval Hearing. On September 2, 2008, Relational's counsel sent the following email:

> As you know, Relational (through other counsel) has been pursuing the guaranty claims which they have against the Hodges. The guaranty's [sic] are limited to $750K. Although I do not believe that your settlement and bar order could bar those claims, I would like your proposal order to be clear on that issue . . . Please let me know if this is an issue and if so, then I will file an objection.

Composite Exhibits at 4-5. Trustee's counsel indicated that the Guarantee was "[n]ot covered by [the] proposed bar order" and that he was "[h]appy to amplify" that fact at the Approval Hearing. *Id.* at 4. When Relational's counsel suggested adding language confirming that the Hodges Bar Order did not apply to the Guarantee, Trustee's counsel replied that he "would rather just put it on [the] record at [the] hearing clarifying than start vetting revisions to [the] order with all parties concerned." *Id.* at 3-4.

Consistent with this email exchange, at the Approval Hearing, Counsel for the Trustee stated the following during his proffer in support of the Order:

> [Counsel for Relational] had a concern that her client is pursuing a guarantee claim against the Hodges. It's the trustee's position, and I think it is clear from the language of the proposed Bar order, that *contractual claims emanating from a guarantee are not barred under the terms of the proposed Bar order*.

Composite Exhibits, Hr'g Tr. 9:1-7 Sept. 9, 2008 (emphasis added). At the completion of this proffer, the Court asked whether there were any objections to the settlement, or whether anyone felt the need to add anything to the record. *Id.* at 10:10-16. No one, including Hodges, who appeared at the hearing through counsel, objected to the proffer or otherwise supplemented the record. *Id.*

4

2.  *The Relational Settlement Order*

Also in the course of administering the estate, the Trustee entered into the Relational Settlement, which resolved the amount of Relational's allowed claim against the estate. The Rule 9019 motion seeking approval of the Relational Settlement Order [ECF No. 1207] (the "9019 Motion"), details the circumstances surrounding the Relational Settlement. Briefly, Relational held administrative expense claims against the Debtor's estate arising from lease payments that came due post petition, before the Debtor rejected its equipment lease with Relational (the "Administrative Expense Claim"). Relational also asserted substantial general unsecured claims for unpaid lease payments and rejection damages (the "Pre-Petition Claims"). The Relational Settlement resolved the allowed amounts of both the Administrative Expense Claim and the Pre-Petition Claims, with Relational agreeing to accept full payment of a significantly reduced administrative expense claim. Finally, pertinent to the instant Motions, Relational agreed "not to file or otherwise assert any further claims for administrative expenses or pre-petition claims in this case in respect of the Pre-Petition Claims and Administrative Expense Claim, or otherwise." 9019 Mot. ¶ 22(a)(v). Consistent with the 9019 Motion, the Relational Settlement Order provides that Relational "is barred from and shall not file or otherwise assert any further claims for administrative expenses or pre-petition claims in this case in respect of the Pre-Petition Claims and Administrative Expense Claim, or otherwise." Relational Settlement Order ¶ 6.

3.  *The Illinois Judgment and the English Proceedings*

While the Debtor's bankruptcy case proceeded in Florida, Hodges remained in England. In May 2007, Relational found Hodges and personally served him process relating to Relational's Guarantee claim. Pursuant to a forum selection clause in the Guarantee, Relational

brought an action to enforce the Guarantee in the United States District Court for the Northern District of Illinois (the "Illinois District Court"), which entered a default judgment against Hodges. Hodges moved to vacate the default, alleging improper service. On September 29, 2009, the Illinois District Court entered an order denying Hodges' motion to vacate. On December 8, 2010, the United States Court of Appeals for the Seventh Circuit upheld the Illinois District Court's order, rendering Relational's default judgment against Hodges a valid final judgment (the "Illinois Judgment"). Hodges did not raise the Hodges Bar Order or the Relational Settlement Order as a defense before the Illinois District Court or the Seventh Circuit.

On September 6, 2010, with Hodges still living in England, Relational commenced an action before an English court (the "English Court") to domesticate and enforce the Illinois Judgment (the "English Lawsuit"). Hodges raised various defenses to the English Lawsuit, including the argument that the Hodges Bar Order precluded Hodges' liability on the Guarantee. The parties engaged in extensive motion practice before the English Court, including the retention of an expert by Relational to refute Hodges' arguments relating to the parties' litigation in the United States. This motion practice culminated, essentially, in the English Court granting summary judgment for Relational, and enjoining Hodges from further prosecuting the instant Motions through a so-called "Anti-Suit Order."

*4.    The Motions and the Response*

Notwithstanding the Anti-Suit Order, Hodges seeks an order from this Court finding that the Hodges Bar Order and the Relational Settlement Order bar Relational's Guarantee claim, and directing Relational to cease attempting to enforce the Illinois Judgment. Relational maintains that neither the Hodges Bar Order nor the Relational Settlement Order has anything to do with

6

the Guarantee, and seeks an order denying Hodges' Motions with prejudice. For the reasons set forth below, the Court denies Hodges' Motion to Compel.

### CONCLUSIONS OF LAW

**I.    The Hodges Bar Order did not Discharge Hodges' Guarantee**

The Court finds that on its face, the Hodges Bar Order only applies to tort claims for breach of fiduciary duty, and not to Relational's unrelated contract claim based on Hodges' individual Guarantee. The Hodges Bar Order applies to "Hodges Barred Claims," which the Hodges Bar Order defines as any claims that "relate to or arise from the Hodges' duties of care and loyalty or any common law or statutory duty arising form [sic] their positions as directors or officers of Laminate." Hodges Bar Order ¶ 8(c). The Hodges Bar Order's reference to Hodges' "common law or statutory" duties arising from his position as a director or officer of the Debtor contemplates tort claims arising from his breach of fiduciary duties to the Debtor – duties arising under statutory and common law. *See, e.g.*, *In re Aqua Clear Techs., Inc.*, 361 B.R. 567, 575 (Bankr. S.D. Fla. 2007) ("Florida law has long recognized that corporate officers and directors owe duties of loyalty and a duty of care to the corporation."); *AmeriFirst Bank v. Bomar*, 757 F. Supp. 1365, 1378 n.20 (S.D. Fla. 1991) (corporate fiduciary duties arise under "state common law" and are codified in Florida Statutes § 607.0830).

By contrast, Relational's Guarantee claim is a "straightforward state-law breach of contract claim" that has nothing to do with Hodges' statutory and common law duties of care and loyalty to the Debtor. *Reiter Petroleum, Inc. v. Gallant*, 2011 WL 4055392, *2 (S.D. Fla. Sept. 13, 2011) (*quoting Modern Gaming, Inc. v. Malone*, 2010 WL 724434, *3 (M.D. Fla. Feb. 24, 2010)). Even construing the Hodges Bar Order broadly, no reasonable interpretation could encompass Hodges' contractual obligation to Relational: the guarantee does not relate to a duty

of care, a duty of loyalty, or any other common law or statutory duty.  Thus, the Court finds that the plain language of the Hodges Bar Order excludes Relational's guarantee claim.

However, even if the Hodges Bar Order leaves any room for interpretation, "reference may be had to the findings and the entire record for the purpose of determining" the scope of the Order.  *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 286 (3d Cir. 1991).  Here, the record is abundantly clear that none of the parties to the settlement agreement, including Hodges, intended the Hodges Bar Order to release Hodges' personal liability on the Relational Guarantee.  The record from the hearing on approval of the Hodges Bar Order makes clear that "contractual claims emanating from a guarantee *are not barred* under the terms of the proposed Bar order."  Hr'g Tr. 9:5-7 Sept. 9, 2008 (emphasis added).  It bears repeating that Hodges twice declined the opportunity to object to this description of the Hodges Bar Order.  Hr'g Tr. 10:11-15.  The email exchange between counsel for Relational and counsel for the Trustee corroborates that the Trustee specifically contemplated a bar order that *excluded* Relational's Guarantee claim.  In light of this record, there can be no doubt that the Trustee, Relational, Hodges, and this Court never intended for the Hodges Bar Order to release Hodges' liability to Relational on his personal guarantee.

## II.   The Relational Settlement Order did not Release Relational's Guarantee Claim

The Court also finds that the Relational Settlement Order, on its face, does not apply to Hodges' personal guarantee.  The Relational Settlement Order only precludes Relational from filing "further claims for administrative expenses or pre-petition claims in [the Debtor's bankruptcy] case[.]"  Relational's Guarantee claim against Hodges is not an administrative expense claim; it is a not a pre-petition claim against the Debtor; it is not a claim that Relational

seeks to assert in the Debtor's bankruptcy case. Simply stated, the Relational Settlement Order has nothing to do with Hodges' personal guarantee.

Hodges' Motion focuses on the phrase "or otherwise" at the end of ¶ 6 of the Relational Bar Order. Based on this phrase, Hodges asserts that Relational agreed to waive its claim "related to the [underlying] Lease, whether in the bankruptcy or any other proceeding." Mot. to Compel, at 11. This position is untenable both under the terms of the Relational Bar Order itself and as a matter of law. First, the Relational Bar Order does not bar claims "related to the Lease." Instead, the Order bars "any further claims for administrative expenses or pre-petition claims," whether related to Relational's Pre-Petition and Administrative Expense Claims "or otherwise." The Relational Bar Order is solely concerned with claims against the bankruptcy estate. The 9019 Motion, which emphasizes that "[r]eduction of the administrative expenses of the estate is of paramount concern to the Chapter 7 Trustee," supports this interpretation. 9019 Mot., at 2. This is unsurprising, as the Trustee's role is to maximize the distribution to unsecured creditors. The settlement agreement between the Trustee and Relational does not concern or include Hodges' personal guarantee.

Second, a non-debtor release is an extraordinary remedy that is available, if at all, only upon a showing of unusual circumstances. *In re Transit Group, Inc.*, 286 B.R. 811, 820 (Bankr. M.D. Fla. 2002) ("Rarely, if ever, can one envision a case where a related affiliate of the debtor is entitled to a non-debtor release."); *see also In re Mercedes Homes, Inc.*, 431 B.R. 869, 879 (Bankr. S.D. Fla. 2009) (applying *Transit Group* standard). Such an extraordinary remedy requires, at a minimum, a finding that the order is "fair and equitable." *In re Munford*, 97 F.3d 449, 454-55 (11th Cir. 1996); *see also AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1312 (11th Cir. 2004) (vacating bar order and remanding for further proceedings

due to lack of "any articulation of the district court justifying the bar order"). The Hodges Bar Order, for example, contains a finding that the Order is fair and equitable. Hodges Bar Order ¶5.

The Relational Bar Order, by contrast, contains no findings of fact related to Hodges' personal guarantee to Relational, and provides no justification or rationale for any purported release of the Guarantee. In fact, the Relational Bar Order makes no mention whatsoever of Hodges or his Guarantee. The lack of any findings of fact relating to Hodges' personal Guarantee evidences that neither the Trustee's counsel, who submitted the proposed Relational Bar Order, nor this Court, which entered the Order, intended the Order to release Hodges from his personal Guarantee. It would be inappropriate to impose a remedy as extraordinary as a non-debtor release from an order that makes absolutely no mention of such relief. Accordingly, the Court rejects Hodges' arguments relating to the Relational Settlement Order.

### III. Estoppel and Waiver Preclude Hodges from Arguing that the Hodges Bar Order or the Relational Settlement Agreement Apply to Relational's Guarantee

Even if those Orders did provide Hodges with a defense to the Guarantee, the Court finds that Hodges waived any right he had to rely on those Orders, and that Hodges should be estopped from asserting any defense relating to those Orders, based on Hodges' conduct in the litigation in Illinois, England, and before this Court. Estoppel requires: (1) words, acts, conduct, or acquiescence causing another to believe in the existence of a certain state of things; (2) willfulness or negligence with regard to the acts, conduct, or acquiescence; and (3) detrimental reliance by the party claiming estoppel. *Dooley v. Weil (In re Garfinkle)*, 672 F.2d 1340 (11th Cir. 1982). Waiver requires (1) the existence at the time of the waiver of a right; (2) actual or constructive knowledge of the right; (3) intent to waive the right, which may be expressed or implied. *Garfinkle*, at 1347. These equitable principles apply in bankruptcy court proceedings. *Id.* at 1347.

10

Regarding estoppel, at the Approval Hearing, which Hodges attended through counsel, the Trustee's counsel explained that Relational was "pursuing a guarantee claim against the Hodges," and confirmed that "contractual claims emanating from a guarantee *are not barred* under the terms of the proposed Bar order." Hr'g Tr. 9:1-7 Sept. 9, 2008 (emphasis added). After this proffer, the Court twice solicited objections or comments regarding the Hodges Bar Order. Hr'g Tr. 10:11-15. Hodges' counsel twice declined the opportunity to object to the Hodges Bar Order's scope as clarified at the hearing. *Id.* This transcript demonstrates that even if the Hodges Bar Order created a defense to Relational's Guarantee claim – which the Hodges Bar Order did not create, as explained herein – Hodges is now estopped from asserting any such defense.

First, Hodges failed to object to the Trustee's description of the Hodges Bar Order as excluding Relational's Guarantee claim. Hodges' acquiescence to the Trustee's description induced Relational to believe that the Hodges Bar Order did not apply to the guarantee claim, and also led Relational to believe that this was Hodges' understanding. Second, Hodges' conduct in this regard was either negligent or willful. At best, Hodges must have understood the significance of the statement by Trustee's counsel in open court, and failed to timely seek clarification or otherwise object. Hodges should have known that failing to object would lead all parties at the hearing, including Relational, to believe that the Hodges Bar Order did not apply to Relational's Guarantee claim. Finally, Relational relied to its detriment on Hodges' failure to object. Had Hodges timely objected to the Trustee's statement, Relational would have had the opportunity to raise its own objection and insist that the Hodges Bar Order expressly exclude Relational's Guarantee claim, as the email communications between counsel for Relational and counsel for the Trustee illustrate. Additionally, Relational incurred significant costs in securing

the Illinois Judgment, defending the Illinois Judgment from Hodges' appeal to the Seventh Circuit, and domesticating the Illinois Judgment in England. All of these actions were premised on Relational's understanding, induced by Hodges' failure to object, that the Hodges Bar Order does not apply to Relational's Guarantee claim. Accordingly, the Court finds that Hodges is estopped from asserting that the Hodges Bar Order released Hodges' Guarantee to Relational.

Regarding waiver, again assuming purely for the sake of argument that the Hodges Bar Order or Relational Settlement Agreement created some defense in Hodges' favor, Hodges waived that defense by repeatedly failing to timely assert it: first before the Illinois District Court, and again before the Seventh Circuit. The Orders at issues existed at the time litigation was pending in Illinois, and Hodges must have been aware of the Orders – again, Hodges appeared at the Approval Hearing through counsel – and Hodges at least impliedly expressed his intent to waive any defense arising from the Orders by failing to timely assert it. As such, the Court finds that Hodges has waived any defense he may have been entitled to arising from the Hodges Bar Order or Relational Settlement Agreement.

The Court concludes that the plain language of, and record surrounding, the Hodges Bar Order leaves no doubt that the Order did not release Relational's claim. The same is true regarding the Relational Settlement Order. Additionally, even if those orders somehow provided Hodges a defense to the Guarantee claim, based on Hodges' conduct at the time the Hodges Bar Order was entered and his failure to timely assert any of the issues raised here before the Illinois District Court or the Seventh Circuit, the Court finds that Hodges waived and is estopped from asserting any defense based on the Orders. Accordingly, it is

**ORDERED AND ADJUDGED as follows:**

1. The Motion to Determine Jurisdiction [ECF No. 1414] is **GRANTED** solely and exclusively for the purpose of considering Hodges' Motion to Compel, as the Motion to Compel relates to prior orders of this Court.

2. The Motion to Compel [ECF No. 1389] is **DENIED** in its entirety with prejudice. Neither the Hodges Bar Order nor the Relational Settlement Agreement prohibits Relational from pursuing its Guarantee claim or the Illinois Judgment, or any other proper remedy related to the Guarantee, in the English Court or any other court of competent jurisdiction.

###

Copies to:

Allison R. Day, Esq.
Attorney for Relational

Attorney Day shall serve a copy of this Order on all interested parties and file a certificate of service.